1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JORGE ACOSTA,                    )    Case No. CV 11-9744 PSG(JC)
                                 )
              Petitioner,        )
                                 )
        v.                       )    ORDER DISMISSING ACTION
                                 )    WITHOUT PREJUDICE
TIM VIRGA,                       )
                                 )
              Respondent.        )
_____  )

On November 23, 2011, petitioner, a California state prisoner proceeding

*pro se*, initiated this action by filing "Petitioner's Motion to Stay Habeas Corpus

Proceedings While Petitioner Exhuast [sic] a Remainer [sic] Issue in the State

Court" ("Motion to Stay").[1]  He has not, however, filed a federal petition for writ

of habeas corpus in this Court.  Petitioner's Motion to Stay reflects that

(1) petitioner wishes to challenge a 2009 conviction and sentence on at least three

grounds, two of which have been presented to the California Supreme Court and

are exhausted, and one of which has not been presented to the California Supreme

Court and is unexhausted; (2) the California Supreme Court denied his petition for

_____

[1]The Motion to Stay appears to have been signed and served by petitioner on November 9,
2011, to have been received by the Clerk on November 16, 2011, and to have been formally filed
on November 23, 2011.

1  review (which contained his two exhausted claims) on April 20, 2011;[2] and

2  (3) petitioner wishes to commence the process of exhausting his unexhausted claim

3  by sending a petition for writ of habeas corpus to the state trial court.  (Motion to

4  Stay at 1-2).  He requests that this Court "stay his one year habeas corpus

5  proceedings while petitioner exhaust[s] a remaining issue in the state courts."

6  (Motion to Stay at 2). For the reasons discussed herein, this action is dismissed

7  without prejudice for lack of jurisdiction.

8      The exercise of federal jurisdiction under the Constitution depends on the

9  existence of a case or controversy.  <u>United States Nat'l Bank v. Independent Ins.

10  Agents of America, Inc.</u>, 508 U.S. 439, 446 (1993); <u>Johnson v. Weinberger</u>, 851

11  F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States

12  Constitution restricts adjudication in federal courts to cases and controversies).  A

13  case or controversy exists when one party demonstrates that it has suffered injury-

14  in-fact which fairly can be traced to acts or omissions of the second party and when

15  there is a substantial likelihood that the relief requested will redress the injury

16  claimed.  <u>Johnson</u>, 851 F.2d at 235.

17      A federal court lacks jurisdiction to consider matters relating to a habeas

18  petition unless and until such a petition is actually filed because there otherwise is

19  no case or controversy within the meaning of Article III of the Constitution.  <u>See

20  Ford v. Warden</u>, 2008 WL 2676842 (C.D. Cal. 2008) (Constitution's "case or

21

22

23      [2]The California Supreme Court docket for petitioner's case on direct appeal (No. S191461),
of which this Court takes judicial notice, reflects that such court denied petitioner's petition for

24  review on April 20, 2011.  <u>See</u> www.appellatecases.courtinfo.ca.gov.  Assuming petitioner did not
seek certiorari from the United States Supreme Court, his conviction became final ninety days later

25  on July 19, 2011, and, absent any tolling to which he may be entitled, his deadline to file a federal
Petition for Writ of Habeas Corpus will expire no earlier than July 19, 2012.  <u>See</u> 28 U.S.C.

26  § 2244(d)(1); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in
28 U.S.C. § 2244(d)(1) includes ninety-day period within which petitioner can file petition for writ

27  of certiorari in United States Supreme Court, whether or not petitioner actually files such petition).

28

2

controversy" jurisdictional requirement precludes giving of advisory opinion that statute of limitations will not bar anticipated, but not yet filed, federal habeas petition); United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000) (granting government motion to dismiss appeal from order denying motion to submit out of time petition under 28 U.S.C. § 2255 because no case or controversy in absence of filing of petition); Calderon v. Ashmus, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); see also United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Here, because petitioner has not actually filed a federal petition for writ of habeas corpus in this action, there is no case or controversy to be heard. Consequently, this Court is without jurisdiction to consider petitioner's Motion to Stay.

For the foregoing reasons, this case is dismissed without prejudice.

IT IS SO ORDERED.

DATED: December 5, 2011

_____

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE